J. B. Tenan, Appellant, *v.* Hamilton Cain and M. H. Stevenson.

*Ejectment—Mortgage—Scire facias—Terre-tenant—Executors and administrators—Void judgment—Purchaser under defective judgment.*

A judgment on a scire facias sur mortgage against an executor for want of an affidavit of defense is defective on the face of the record, and a person who purchases the mortgaged premises at a sheriff's sale under such a judgment takes no title, even if he is without notice of the rights of the terre-tenant who has not been served. If the sheriff's vendee brings an action of ejectment for the land, and the trial court instead of directing a verdict for the defendant submits the case to the jury, and a verdict and judgment is rendered in favor of the defendant, the Supreme Court will not consider the rulings covered by the assignments of error, since the rulings, whether correct or not, did the plaintiff no injury.

Argued Oct. 18, 1898. Appeal, No. 94, Oct. T., 1898, by plaintiff, from judgment of C. P. Washington Co., Feb T., 1898, No. 42, on verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a tract of land in Hanover township. Before TAYLOR, J.

The facts appear by the opinion of the Supreme Court in this case, and in the case of Mutual Life Insurance Co. v. Tenan, ante, p. 239.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various instructions, and rulings on evidence immaterial to this report.

*R. W. Irwin*, with him *H. M. Dougan*, for appellant.

*M. L. A. McCracken*, with him *J. C. Ewing*, for appellees.

PER CURIAM, October 31, 1898:

Appellant's title as put in evidence by him at the trial rested upon the judgment in Mutual Life Insurance Co. to use, etc., v. Tenan, Exr., and the levari facias and sheriff's deed in that case.

We have just reversed that judgment as unauthorized and void. It was incapable of supporting an execution, and as the defect was one apparent on the face of the record, the sheriff's vendee would have taken no title, even if a purchaser without notice of the terre-tenant's rights. It is clear therefore that appellant showed no title, and the learned judge below might properly have directed a verdict for the defendant. It is not therefore worth while to discuss the assignments of error. Whether correct or not the rulings did appellant no injury.

Judgment affirmed.